JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SHREVEPORT CHAPTER # 237 OF THE UNITED DAUGHTERS OF THE CONFEDERACY

### DEFENDANTS
THE CADDO PARISH COMMISSION, ET AL.

**(b)** County of Residence of First Listed Plaintiff: **CADDO**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **CADDO**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
DICK "DAVE" KNADLER
3223 FIRST STREET
MANSFIELD, LA 71052

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FIRST, FIFTH, & FOURTEENTH AMENDMENTS UNDER U.S. CONSTITUTION & 42 U.S.C. 1983
Brief description of cause:
DEFENDANT IS ORDERING THE PLAINTIFF TO REMOVE A MONUMENT FROM ITS' PROVATE PROPERTY.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 10/18/2017
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SHREVEPORT CHAPTER #237 OF THE UNITED DAUGHTERS OF THE CONFEDERACY

CASE NUMBER: 17-CV-

VERSUS

JUDGE:

THE CADDO PARISH COMMISSION,
STEVEN JACKSON, President Caddo Parish Commission and Caddo Parish Commissioner District 3, LYNDON B. JOHNSON, Caddo Parish Commissioner District 2, Matthew Linn, Caddo Parish Commissioner District 4, JERALD BOWMAN, Caddo Parish Commissioner District 5, LYNN D. CAWTHORNE, Caddo Parish Commissioner District 6, STORMY GAGE-WATTS, Caddo Parish Commissioner District 7, LOUIS JOHNSON, Caddo Parish Commissioner District 12

MAGISTRATE JUDGE:

**SHREVEPORT CHAPTER #237 OF THE UNITED DAUGHTERS OF THE CONFEDERACY,**

**Plaintiff,**

— Versus —

**PARISH OF CADDO, et al.**

**Defendants.**

CIVIL RIGHTS ACTION
42 U.S.C. § 1983

DECLARATORY RELIEF &
INJUNCTIVE RELIEF

**COMPLAINT**

**I. INTRODUCTION**

1. This is an action pursuant to 42 U.S.C.§§ 1983 and 1988, for a declaratory judgment, injunctive relief, nominal damages, punitive damages, and attorney's fees to redress defendants' violations

1

of plaintiff's rights as protected by of the First, Fifth, and Fourteenth Amendments of the U.S. Constitution when the defendants voted to remove a monument from the private property owned by the plaintiff. The policy complained of herein is the Caddo Parish Commission Resolution No. 69 of 2017 ("Resolution No. 69). Pursuant to Resolution No. 69, a majority of the Caddo Parish Commissioners voted to remove a monument owned by the plaintiff from its' personal property on October 19, 2017. Dedicated in 1906, the said monument is named the Caddo Parish Confederate Monument ("Confederate Monument"). The Confederate Monument sits on private property (a 400 square foot parcel more-or-less owned by the plaintiff since 1903) that is surrounded by the area known as the Caddo Parish Courthouse grounds on the north side of the Caddo Parish courthouse building. In 2013, plaintiff applied to have this said monument registered on The National Register of Historic Places. In 2014, the National Park Service approved the plaintiff's application to have the said monument registered. Pursuant to Resolution No. 69, these actions of the defendants are preventing plaintiff from exercising its' First Amendment Right to freedom of speech, by denying it the right to express its' views from its' personal property. Furthermore under Resolution No. 69, the defendants are preventing the plaintiff's exercise of its' Fourteenth Amendment rights to equal protection and due process when the defendants denied the plaintiff's right to appeal the defendants' decision to violate the plaintiff's exercise of its' First Amendment rights guaranteed by the U.S. Constitution. Furthermore, plaintiff shows that the said monument is over one hundred (100) years old and sporadically vandalized by opponents of the Confederate Monument. Therefore, it is in a condition whereby its' removal would cause much irreparable damage to it. Such injury, loss, or damages without compensation would be in violation of the plaintiff's Fifth Amendment rights guaranteed under the U.S. Constitution. And finally, the removal of this historic

monument by the defendants would cause an immediate and irreparable injury, loss, or damage will result to the plaintiff before it can be heard in opposition. Thus, pursuant to the Federal Rules of Civil Procedure Rule 65 (Injunctions and Restraining Orders) plaintiff intends to seek an injunction in order to protect the Confederate Monument from irreparable injury, loss, or damages that would result from the defendants' actions to remove said monument from plaintiff's private property.

## II. JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C.§§ 1331 and 1343.
3. Venue is proper in this Court pursuant to 28 U.S.C. § 139 (b).
4. Declaratory relief is authorized pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202. A declaration of the law is necessary and appropriate to determine the respective rights and duties of the parties to this action.

## III. THE PARTIES

5. Plaintiff Shreveport Chapter #237 of the United Daughters of the Confederacy ("Shreveport Chapter") is a non-profit corporation (or non-profit organization) presently residing in Shreveport, Louisiana with its' business address in Shreveport, Louisiana, within the jurisdiction of the Western District of Louisiana.
6. Defendant Caddo Parish Commission, The Caddo Parish Commission (the "Commission") is the governing authority for the Parish of Caddo and is a political subdivision of the State of Louisiana. The Commission consists of twelve members called commissioners who are elected to four-year terms from single member districts. Under the provisions of *Louisiana Revised Statutes* 33:1271-1285, it enacts ordinances, sets policy and establishes programs in such fields as criminal and juvenile justice, highways and streets, sanitation, planning and zoning, public

3

health and welfare, libraries, culture and recreational facilities, economic development and general administrative services, the Commission was at all relevant times directly liable for acts complained of herein due to the policies, practices, procedures and customs of its' Office of the President of the Caddo Parish Commission (and its' individual members who voted to remove a monument from the plaintiff's personal property on October 19, 2017). Defendant Commission is further directly liable for acts complained of herein due to its enactment of its' decision which violates plaintiff's First and Fourteenth Amendment rights under the U.S. Constitution to express its' views from its' personal property and its' rights to equal protection and due process respectively. Also, removal of the Confederate Monument would cause such injury, loss, or damages without compensation that it would be in violation of the plaintiff's Fifth Amendment rights guaranteed under the U.S. Constitution. Defendant Commission maintains the right and power to sue and be sued.

7. Defendant Steven Jackson is an individual of the age of majority presently residing in Caddo Parish, Louisiana, within the jurisdiction of the Western District of Louisiana. At all times pertinent herein, Defendant Steven Jackson ("Jackson") was the president of the Caddo Parish Commission and the Caddo Parish Commissioner District 3. Defendant Jackson is responsible as holding the Office of the President of the Caddo Parish Commission and for being Caddo Parish Commissioner District 3. Additionally, Defendant Jackson is responsible for the formulation and for executing policies of the Caddo Parish Commission, complained of herein, and Defendant Jackson denied plaintiff to exercise its' First and Fourteenth Amendment rights under the U.S. Constitution when he voted to have a monument removed from the private property of the plaintiff on or about October 19, 2017. Upon information and belief, he is a final policymaker on the question of whether the plaintiff will be allowed to exercise its' speech

rights on its' private property; or to otherwise exercise its' rights to equal protection and due process. Defendant Jackson is sued in his official capacity.

8. Defendant Lyndon B. Johnson is an individual of the age of majority presently residing in Caddo Parish, Louisiana, within the jurisdiction of the Western District of Louisiana. At all times pertinent herein, Defendant Lyndon B. Johnson ("L.B.J.") is the Caddo Parish Commissioner District 2. Defendant L.B.J. is responsible as being Caddo Parish Commissioner District 2 for the formulation and for executing policies of the Caddo Parish Commission, complained of herein. Defendant L.B.J. denied plaintiff to exercise its' First and Fourteenth Amendment rights under the U.S. Constitution when he voted to have a monument removed from the private property of the plaintiff on or about October 19, 2017. Upon information and belief, he is a final policymaker on the question of whether the plaintiff will be allowed to exercise its' speech rights on its' private property; or to otherwise exercise its' rights to equal protection and due process. Also, removal of the Confederate Monument would cause such injury, loss, or damages without compensation that it would be in violation of the plaintiff's Fifth Amendment rights guaranteed under the U.S. Constitution. Defendant L.B.J. is sued in his official capacity.

9. Defendant Matthew Linn is an individual of the age of majority presently residing in Caddo Parish, Louisiana, within the jurisdiction of the Western District of Louisiana. At all times pertinent herein, Defendant Matthew Linn ("Linn") is the Caddo Parish Commissioner District 4. Defendant Linn is responsible as being Caddo Parish Commissioner District 4 for the formulation and for executing policies of the Caddo Parish Commission, complained of herein. And Defendant Linn denied plaintiff to exercise its' First and Fourteenth Amendment rights under the U.S. Constitution when he voted to have a monument removed from the private

property of the plaintiff on or about October 19, 2017. Upon information and belief, he is a final policymaker on the question of whether the plaintiff will be allowed to exercise its' speech rights on its' private property; or to otherwise exercise its' rights to equal protection and due process. Also, removal of the Confederate Monument would cause such injury, loss, or damages without compensation that it would be in violation of the plaintiff's Fifth Amendment rights guaranteed under the U.S. Constitution. Defendant Linn is sued in his official capacity.

10. Defendant Jerald Bowman is an individual of the age of majority presently residing in Caddo Parish, Louisiana, within the jurisdiction of the Western District of Louisiana. At all times pertinent herein, Defendant Jerald Bowman ("Bowman") is the Caddo Parish Commissioner District 5. Defendant Bowman is responsible as being Caddo Parish Commissioner District 5 for the formulation and for executing policies of the Caddo Parish Commission, complained of herein. Defendant Bowman denied plaintiff to exercise its' First and Fourteenth Amendment rights under the U.S. Constitution when he voted to have a monument removed from the private property of the plaintiff on or about October 19, 2017. Upon information and belief, he is a final policymaker on the question of whether the plaintiff will be allowed to exercise its' speech rights on its' private property; or to otherwise exercise its' rights to equal protection and due process. Also, removal of the Confederate Monument would cause such injury, loss, or damages without compensation that it would be in violation of the plaintiff's Fifth Amendment rights guaranteed under the U.S. Constitution. Defendant Bowman is sued in his official capacity.

11. Defendant Lynn D. Cawthorne is an individual of the age of majority presently residing in Caddo Parish, Louisiana, within the jurisdiction of the Western District of Louisiana. At all times pertinent herein, Defendant Lynn D. Cawthorne ("Cawthorne") is the Caddo Parish

Commissioner District 6. Defendant Cawthorne is responsible as being Caddo Parish Commissioner District 6 for the formulation and for executing policies of the Caddo Parish Commission, complained of herein. Defendant Cawthorne denied plaintiff to exercise its' First and Fourteenth Amendment rights under the U.S. Constitution when he voted to have a monument removed from the private property of the plaintiff on or about October 19, 2017. Upon information and belief, he is a final policymaker on the question of whether the plaintiff will be allowed to exercise its' speech rights on its' private property; or to otherwise exercise its' rights to equal protection and due process. Also, removal of the Confederate Monument would cause such injury, loss, or damages without compensation that it would be in violation of the plaintiff's Fifth Amendment rights guaranteed under the U.S. Constitution. Defendant Cawthorne is sued in his official capacity.

12. Defendant Stormy Gage-Watts is an individual of the age of majority presently residing in Caddo Parish, Louisiana, within the jurisdiction of the Western District of Louisiana. At all times pertinent herein, Defendant Stormy Gage-Watts ("Gage-Watts") is the Caddo Parish Commissioner District 7. Defendant Gage-Watts is responsible as being Caddo Parish Commissioner District 7 for the formulation and for executing policies of the Caddo Parish Commission, complained of herein. Defendant Gage-Watts denied plaintiff to exercise its' First and Fourteenth Amendment rights under the U.S. Constitution when she voted to have a monument removed from the private property of the plaintiff on or about October 19, 2017. Upon information and belief, she is a final policymaker on the question of whether the plaintiff will be allowed to exercise its' speech rights on its' private property; or to otherwise exercise its' rights to equal protection and due process. Defendant Gage-Watts is sued in her official capacity.

13. Defendant Louis Johnson is an individual of the age of majority presently residing in Caddo Parish, Louisiana, within the jurisdiction of the Western District of Louisiana. At all times pertinent herein, Defendant Louis Johnson ("Johnson") is the Caddo Parish Commissioner District 12. Defendant Johnson is responsible as being Caddo Parish Commissioner District 12 for the formulation and for executing policies of the Caddo Parish Commission, complained of herein. Defendant Johnson denied plaintiff to exercise its' First and Fourteenth Amendment rights under the U.S. Constitution when he voted to have a monument removed from the private property of the plaintiff on or about October 19, 2017. Upon information and belief, he is a final policymaker on the question of whether the plaintiff will be allowed to exercise its' speech rights on its' private property; or to otherwise exercise its' rights to equal protection and due process. Also, removal of the Confederate Monument would cause such injury, loss, or damages without compensation that it would be in violation of the plaintiff's Fifth Amendment rights guaranteed under the U.S. Constitution. Defendant Johnson is sued in his official capacity.

## IV. THE CHALLENGED CITY POLICY

14. On or about October 19, 2017 on Resolution No. 69 of 2017, a majority of the members of the Caddo Parish Commission voted to remove the Confederate Monument from the plaintiff's private property located on 502 Texas Avenue, Shreveport, Louisiana 71101.

## V. FACTUAL ALLEGATIONS

15. Plaintiff is in good standing and is a non-profit corporation residing in Shreveport, Louisiana with a business address in Shreveport, Louisiana. Plaintiff is part of a larger non-profit corporation the Louisiana Division United Daughters of the Confederacy ("UDC") which is in good standing in Louisiana with a business address in Baton Rouge, Louisiana.

16. Plaintiff is part of one of the premier historical and heritage organizations dedicated solely to the purpose of honoring the memory of its' Confederate ancestors; protecting, preserving and marking the places made historic by Confederate valor; collecting and preserving the material for a truthful history of the War Between the States; recording the participation of Southern women in their patient endurance of hardship and patriotic devotion during and after the War Between the states; fulfilling the sacred duty of benevolence toward survivors and those dependent upon them; assisting descendants of worthy Confederate in securing a proper education; honoring the service of veterans from all wars as well as active duty military personnel and cherishing the ties of friendship among members of the UDC. The UDC is patriotic Organization which honors and upholds the United States of America and respects its' flag. In addition, the plaintiff does not associate with any racist or subversive individuals or groups who undermine the United States of America.

17. Plaintiff's organization are made up of women at least 16 years of age who are lineal or collateral blood descendants of men and women who served honorably in the Army, Navy, or Civil Service of the Confederate States of America, or who gave Material Aid to the Cause. Women who were adopted are eligible only through the bloodline of the biological parent. Also eligible are those women who are lineal or collateral blood descendants of members or former members of UDC. However no Confederate ancestor who took the Oath of Allegiance before April 9, 1865, shall be eligible to be used for application for membership. If proof of further Confederate service is available, thereby nullifying the Oath of Allegiance, the ancestor shall be considered for approval.

18. In 2013, as the owner of the Confederate Monument and the property underneath it, plaintiff submitted an application to the National Park Service. According to the National Park

Service's National Register of Historic Places Registration Form (dated December 2, 2013) the Confederate Monument is described as the following:

> The Caddo Parish Confederate Monument is of statewide significance under Criterion A as one of four major Louisiana monuments representing what is known by historians as "the Cult of the Lost Cause." More specifically, these monuments are Louisiana's most important representations of the Memorial Period, or second phase (1883 to 1907), of the Civil War Commemorative Sculpture Movement. These monuments represent a significant physical reminder of the period: reflecting the introduction and presence of Civil War monument construction in Louisiana and the role women played in the memorial period. This is an example of Art as History. The Cult of the Lost Cause continued to dominate Southern cultural history in the early twentieth century, and is still alive and well today. The period of significance for this memorial is 1902-1963, as explained above." Authorized by the National Historic Preservation Act on January 29, 2014, the National Register of Historic Places placed the Caddo Parish Confederate Monument on its' official list of the Nation's historic places worthy of preservation. As part of a nationwide program, the National Park Service's National Register of Historic Places coordinates and supports the public and private efforts to identify, evaluate, and protect America's historic and archeological resources.

19. Although not factually known and in the abundance of caution, the plaintiff avers that there is a possibility that federal monies are attached to the Confederate Monument so any changes to it must allow the Advisory Council on Historic Preservation to comment on the project pursuant to the federal National Historic Preservation Act of 1966. The original owners of the land the Caddo Indians had reserved the grounds where the Caddo Parish courthouse now stands to an American citizen named Larkin Edwards pursuant to a treaty with the United States government in the 1840s. Under this treaty the U.S. government gave a significant amount of monies to the Caddo Indians; but Larkin Edwards' land was exempt from said purchase. In addition there are no documents in the official records of the Caddo Parish courthouse which purports to show a conveyance from Larkin Edwards to Caddo Parish itself. Thus, there is a remote possibility that federal monies are attached to the site of the Confederate Monument.

20. Plaintiff further shows that the Defendant Commission had appointed a Citizens Advisory Committee ("Advisory Committee") to make a recommendation to the Commission concerning the Confederate Monument. After months of town hall meetings with the citizens of Caddo Parish (and the result reviewing hundreds of emails and comments from members of the public), the Committee recommended that the Commission should leave the Confederate Monument in place and to erect two additional monuments: one to Reconstruction and one to Civil Rights. . However on September 18, 2017, the Commission rejected the Committee's recommendation.

21. Plaintiff further shows that there is a related parallel action in state court in the First Judicial District of Caddo Parish styled *John E. Settles v. Caddo Parish Commission and United Daughters of the Confederacy, Shreveport Chapter 237*, Case. No. 603,137, 1st Judicial District, Parish of Caddo, Shreveport, Louisiana. The plaintiff John E. Settles is asking the district court for a declaratory judgment over which defendant owns the property underneath the Confederate Monument. Although the defendant United Daughters of the Confederacy, Shreveport Chapter 237 has asserted in its' *Answer* declaring itself to be the owner of said property, the other defendant Caddo Parish Commission has not.

## VI. CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
(Pursuant to Caddo Parish Resolution No. 69 of 2017 the defendants' decision to order the plaintiff to remove the Confederate Monument its' private property is facially unconstitutional violations of the First Amendment, as applied to plaintiff)

22. Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation contained above.

23. The aforementioned policy is unconstitutional under the First Amendment of the U.S. Constitution for the following reasons:

A. The defendants do not have the lawful authority to order the plaintiff to remove the Confederate Monument from its' private property;

B. The policies are not narrowly tailored to achieve a significant government interest, and are unconstitutionally over broad because it violates a non-profit corporation (or non-profit organization) right to exercise free speech on its' private property;

C. The policies do not leave adequate alternative channels for communication;

D. The policies do not have a rational basis for its prohibition of the Confederate Monument. The defendants' rejection of the Committee's recommendation is evidence of the defendants' lack of a rational basis for their unconstitutional order;

E. The policies have a chilling effect which potentially prohibits other individuals from exercising their rights to free speech such as displays of the American Flag on their private property as guaranteed under the First Amendment of the U.S. Constitution;

F. The policies potentially prohibits significant participation of religious groups because the defendants have exercised authority which can be used to regulate persons from displaying symbols of faith on their private property;

G. Defendants do not have a legitimate interest in regulating plaintiff's expressive activity or the activity of other persons who wish to exercise their First Amendment rights on their private property.

## SECOND CLAIM FOR RELIEF

(The defendants' actions to order the plaintiff to remove the Confederate Monument from its' private property is an unconstitutional violation of the Fourteenth Amendment of the U.S. Constitution, as applied to plaintiff)

24. Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation contained above.

25. The aforementioned ordinances are unconstitutional as applied to plaintiff, for the following reasons:

A. On October 19, 2017, and prior to the defendants' actions to order the removal of the Confederate Monument from the plaintiff's private property, an attorney for Caddo Parish named Donna Frazier told a member of the Shreveport Chapter that plaintiff could appeal the defendants' decision only if it "would have to retain an attorney and sue the parish" which is an unconstitutional requirement to appeal under the Fourteenth Amendment;

    B.    Defendants have not provided any means to guarantee the plaintiff rights to equal protection under the Fourteenth Amendment; and

    C.    Defendants have not followed any statute that allows them to take private property from the plaintiff whereby such action would irreparably injure, lose, or damage said plaintiff's private property in a manner consistent under the Fourteenth Amendment.

### THIRD CLAIM FOR RELIEF
(The defendants' actions to order the plaintiff to remove the Confederate Monument from its' private property is an unconstitutional violation of the Fifth Amendment of the U.S. Constitution, as applied to plaintiff)

26. Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation contained above.

27. The aforementioned ordinances are unconstitutional as applied to plaintiff, for the following reasons:

    A.    A removal of the fragile Confederate Monument would cause an potentially permanent damages to it which the Commission has failed to consider. Such damages to the fragile Confederate Monument would constitute a taking which is inconsistent with the plaintiff's Fifth Amendment rights;

    B.    Without evaluating a price on the fair-market value of potential repairs needed it after the removal of the fragile Confederate Monument and without a guarantee to pay for the potential repairs, the Commission's order to remove the plaintiff's Confederate Monument is in violation of plaintiff's Fifth Amendment rights;

    C.    Under their aforementioned decision the defendants will not have to pay for the proper storage of the Confederate Monument after removal in violation of plaintiff's Fifth Amendment rights;

    D.    Under their aforementioned decision the defendants will not have to reimburse plaintiff for the proper storage of the Confederate Monument after removal in violation of plaintiff's Fifth Amendment rights; and

    E.    Under their aforementioned decision the defendants would significantly diminish the value of the Confederate Monument since removal violates its' historical integrity and which can trigger a removal from the National Historic Registry; and this diminution monetary value due to an adverse impact on its' historical integrity is an unconstitutional taking in violation of the plaintiff's Fifth Amendment rights.

### VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff, having no adequate remedy at law, prays for the following:

1. That a preliminary injunction and permanent injunction be issued restraining and enjoining defendants and their employees and agents from enforcing or threatening to enforce the policy of the Commission and its' members who voted for removal of the Confederate Monument located on the plaintiff's private property in violation of the plaintiff's First, Fifth, and Fourteenth Amendment rights under the U.S. Constitution.

2. That a declaratory judgment be issued holding as the private property owners of the land underneath the Confederate Monument the defendants can not order the removal of said monument from the plaintiff's private property;

3. The plaintiff be awarded nominal damages;

4. The plaintiff be awarded punitive damages;

5. That reasonable attorneys' fees, expenses and costs be awarded to plaintiff pursuant to 42 U.S.C. § 1988 and any other applicable provision of law;

6. That the plaintiff reserves the right to petition this Honorable Court to stay any parallel state proceedings related to the instant matter; and

7. That this Court grant all equitable and further relief to include punitive damages which the Court deems just and proper.

Respectfully Submitted:

Dick "Dave" Knadler (#27829)
Law Office of Dick "Dave" Knadler, LLC
3223 First Street
Mansfield, LA 71052
(318) 925-1178
*Attorney for Plaintiff*