UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SHREVEPORT CHAPTER #237 OF THE UNITED DAUGHTERS OF THE CONFEDERACY | CASE NUMBER: 17-CV-01346 |
| Plaintiff, | JUDGE: ROBERT G. JAMES |
| VERSUS | |
| THE CADDO PARISH COMMISSION, STEVEN JACKSON, President Caddo Parish Commission and Caddo Parish Commissioner District 3, LYNDON B. JOHNSON, Caddo Parish Commissioner District 2, MATTHEW LINN, Caddo Parish Commissioner District 4, JERALD BOWMAN, Caddo Parish Commissioner District 5, LYNN D. CAWTHORNE, Caddo Parish Commissioner District 6, STORMY GAGE-WATTS, Caddo Parish Commissioner District 7, LOUIS JOHNSON, Caddo Parish Commissioner District 12 | MAGISTRATE JUDGE: MARK L. HORNSBY |
| Defendants. | |

## MEMORANDUM IN OPPOSITION OF MOTION TO DISMISS UNDER FRCP 12(b)(6) BY COMMISSIONERS STEVEN JACKSON, LYNDON B. JOHNSON, MATTHEW LIN, JERALS BOWMAN, LYNN CAWTHORNE, STORMY GAGE-WATTS, AND LOUIS JOHNSON

**MAY IT PLEASE THE COURT:**

### INTRODUCTION

Plaintiff The Shreveport Chapter #237 of the United Daughters of the Confederacy ("UDC") filed this case because of the viewpoint discrimination against it by the Defendants Caddo Parish Commission ("Commission") and its' seven (7) individual members who voted for Resolution No. 69 of 2017 ("Resolution No. 69") on or about October 19, 2017: Defendants Steven Jackson ("Jackson"), Lyndon B. Johnson ("LBJ"), Matthew Linn ("Linn"), Jerald Bowman ("Bowman"),

1

Lynn D. Cawthorne ("Cawthorne"), Stormy Gage-Watts ("Gage-Watts"), and Louis Johnson ("Johnson") voted in favor of Resolution No. 69.

## FACTS

Originally an unincorporated association and now an entity of a non-profit corporation, the Plaintiff UDC became a chapter of the Louisiana Division of the United Daughters of the Confederacy, and named Shreveport Chapter #237 (the 237th chapter formed in the United States) in 1896. In 1903, the Plaintiff UDC asked the Defendant Commission's predecessor the Caddo Parish Police Jury for aid for the construction of the Confederate Monument. In response, the donor/transferor Caddo Parish Police Jury donated $1,000.00 for the construction of the Confederate Monument and gave a plot of land in front of the Caddo Parish Courthouse to the donee/transferee UDC for the lawful/valid cause and consideration for building and care of the Confederate Monument. Pursuant to La. R.S. 41:1323.4 in 1962, the Louisiana State Legislature validated, ratified and confirmed to the original transferee Plaintiff UDC the transfer of the said front plot of the Caddo Parish Courthouse made in 1903. See, Exhibit 1 (Which is an enlargement of a square from a 1928 which shows that Confederate Monument as separate property on the Courthouse Square).

On or about October 19, 2017, the Defendants Jackson, LBJ, Linn, Bowman, Cawthorne, Gage-Watts, and Johnson voted for Resolution No. 69 which ordered the immediate removal of the Confederate Monument from the Plaintiff UDC's private by employees of Caddo Parish. Because there are no provisions for the payment by Caddo Parish taxpayers, this said Resolution No. 69 ordered the removal of the extremely fragile Confederate Monument in effect at the expense of the Plaintiff UDC which will cost over a half of a million dollars.

2

## LEGAL ARGUMENT

**I. The Plaintiff UDC's original complaint states "sufficient factual matters to state a claim that is plausible on its face."**

Defendants Jackson, LBJ, Linn, Bowman, Cawthorne, Gage-Watts, and Johnson states that "[w]hen face with a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must present factual allegations to raise beyond speculative level the right to relief." See, *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). And furthermore, "In considering a motion to dismiss for failure to state a claim upon which relief may be granted, the complaint must be construed most favorably to plaintiff and all well-pleaded facts must be accepted as true." See, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).

In the instant matter, the Defendant Commissioners are alleging that they are exercising a legislative activity authorized by the Caddo Parish Charter. For the Defendant Caddo Parish Commission and the Defendant Commissioners passed Resolution No. 69. pursuant to the Caddo Parish Charter, Section 3-1 (C). This said Section states that "a resolution may be used by the commission for the purpose of expressing an opinion as to some given matter or thing and shall not have the force of law." However, Resolution No. 69 clearly states that, "NOW, THEREFORE, BE IT RESOLVED by the Caddo Parish Commission in due, regular and legal session convened, authorizes the Parish Administrator, assisted by the Parish Legal Staff, to pursue any and all legal means to remove the monument from the Caddo Parish Courthouse Square." In the instant matter the Defendant Caddo Parish Commission and the Defendant Caddo Commissioners are ordering employees "to pursue any and all legal means to remove the monument from the Caddo Parish

3

Courthouse Square;" and it immediately takes effect. Thus, Parish employees can dismantle the Confederate Monument at any time.

**A. Defendants Jackson, LBJ, Linn, Bowman, Cawthorne, Gage-Watts, and Johnson ("Caddo Parish Commissioners") are not entitled to absolute immunity for passing Resolution No. 69 which orders employees employed by Caddo Parish to remove the Confederate Monument immediately.**

Plaintiff sued the Defendant Caddo Parish Commissioners in their official capacity; and as such, "Local governing bodies, such as [Caddo Parish] and its council [Caddo Parish Commission], "do not enjoy immunity from suit ... under § 1983," See, *Jefferson Community Health Care Center, Incorporated v. Jefferson Parish Government*, et al., No. 16-30875, 2017 WL 513888642, (5th Cir. 2017) at p. 10 quoting *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999), and "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity," See, *Jefferson Community Health Care Center, Incorporated v. Jefferson Parish Government*, et al., No. 16-30875, 2017 WL 513888642, (5th Cir. 2017) at p. 10 quoting, *Goodman v. Harris Cty.*, 571 F.3d 388, 395 (5th Cir. 2009)(quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Thus, Defendant Caddo Parish Commissioners in their official capacity in the above-referenced matter enjoy no immunity from suit under 42 U.S.C. § 1983; and this action in the instant matter serves as sufficient grounds to sustain a preliminary injunction keeping the Confederate Monument in situs. Furthermore, nothing in either state or federal law prohibits the adjudication of this claim.

**B. Defendants Jackson, LBJ, Linn, Bowman, Cawthorne, Gage-Watts, and Johnson ("Caddo Parish Commissioners") are not entitled to absolute immunity for passing Resolution No. 69 because it is not inherently a legislative act when ordering employees of the Parish of Caddo**

4

to begin the process of removing the Confederate Monument immediately.

"While the common-law legislative immunity for state legislators is absolute, the legislative privilege for state lawmakers is, at best, one which is qualified." See, *Jefferson Community Health Care Center, Incorporated v. Jefferson Parish Government*, et al., No. 16-30875, 2017 WL 513888642, (5th Cir. 2017) at p. 11 quoting *Perez v. Perry*, No. SA-11-CV-360-OLG-JES, 2014 WL 106927, at *1 (W.D. Tex. Jan. 2014) citing *Rodriguez v. Pataki*, 280 F.Supp. 2d 89, 93-94 (S.D.N.Y. 2003). This qualified immunity is only an evidentiary privilege, "governed by federal common law, as applied through Rule 105 of the Federal Rules of Evidence. *Id.*

## CONCLUSION

For the foregoing reasons, Plaintiff UDC respectfully asks that this Honorable Court rules in favor of the it.

Respectfully Submitted:

Dick "Dave" Knadler, Bar Roll #27829
3223 First Street
Mansfield, Louisiana 71052
(318) 925-1178
dknadler@hotmail.com

## CERTIFICATE

I hereby certify that a copy of the above and foregoing has been served upon all attorneys of record in either the U.S. Mail or electronically this 29th day of November, 2017.

Respectfully Submitted:

Dick "Dave" Knadler, Bar Roll #27829