## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

SHREVEPORT CHAPTER #237 OF THE UNITED DAUGHTERS OF THE CONFEDERACY

CASE NUMBER: 17-CV-01346

Plaintiff,

JUDGE: ROBERT G. JAMES

VERSUS

THE CADDO PARISH COMMISSION, ET AL.

Defendants

MAGISTRATE JUDGE: MARK L. HORNSBY

### OBJECTION TO RULING GRANTING THE MOTION TO DISMISS UNDER FRCP 12(b)(6) BY COMMISSIONERS STEVEN JACKSON, LYNDON B. JOHNSON, MATTHEW LIN, JERALS BOWMAN, LYNN CAWTHORNE, STORMY GAGE-WATTS, AND LOUIS JOHNSON ON DECEMBER 11, 2017

**MAY IT PLEASE THE COURT:**

### INTRODUCTION

Plaintiff The Shreveport Chapter #237 of the United Daughters of the Confederacy ("UDC") filed this case because of the viewpoint discrimination against it by the Defendants Caddo Parish Commission ("Commission") and its' seven (7) individual members who voted for Resolution No. 69 of 2017 ("Resolution No. 69") on or about October 19, 2017: Defendants Steven Jackson ("Jackson"), Lyndon B. Johnson ("LBJ"), Matthew Linn ("Linn"), Jerald Bowman ("Bowman"), Lynn D. Cawthorne ("Cawthorne"), Stormy Gage-Watts ("Gage-Watts"), and Louis Johnson ("Johnson") voted in favor of Resolution No. 69.

On or about December 11, 2017, the parties had a hearing on Plaintiff UDC's *Motion for Preliminary Injunction* (Doc. No. 1).   After hearing the testimonies of witnesses, considering the evidence submitted, and arguments of counsel this Honorable Court had taken the *Motion for*

*Preliminary Injunction* (Doc. No. 1) under advisement. However, prior to said hearing this Honorable

Court granted the Defendants' *Motion to Dismiss* (Doc. No. 11) filed by the individual Defendant

Commissioners.  In its' *Ruling* (Doc. No. 31) the Court wrote the following:

> In this case, the dismissal of the Commissioners streamlines the litigation and does
> not prejudice. Plaintiff in the slightest to eliminate the Commissioners in their
> official capacities as defendants.  The redundant claims are therefore DISMISSED.

Plaintiff UDC sued the Defendant Caddo Parish Commissioners in their official capacity; and

as such, "Local governing bodies, such as [Caddo Parish] and its council [Caddo Parish Commission],

"do not enjoy immunity from suit ... under § 1983," See, *Jefferson Community Health Care Center,*

*Incorporated v. Jefferson Parish Government*, et al., No. 16-30875, 2017 WL 513888642, (5th Cir.

2017) at p. 10 quoting *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999), and "an

official-capacity suit is, in all respects other than name, to be treated as a suit against the entity," See,

*Jefferson Community Health Care Center, Incorporated v. Jefferson Parish Government*, et al., No.

16-30875, 2017 WL 513888642, (5th Cir. 2017) at p. 10 quoting, *Goodman v. Harris Cty.*, 571 F.3d

388, 395 (5th Cir. 2009)(quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).  Thus, Defendant

Commissioners in their official capacity in the above-referenced matter enjoy no absolute immunity

from suit under 42 U.S.C. § 1983; and this action in the instant matter serves as sufficient grounds to

sustain a preliminary injunction keeping the Confederate Monument in situs.  Furthermore, nothing in

either state or federal law prohibits the adjudication of this claim.

"While the common-law legislative immunity for state legislators is absolute, the legislative

privilege for state lawmakers is, at best, one which is qualified."  See, *Jefferson Community Health*

*Care Center, Incorporated v. Jefferson Parish Government*, et al., No. 16-30875, 2017 WL

513888642, (5th Cir. 2017) at p. 11 quoting *Perez v. Perry*, No. SA-11-CV-360-OLG-JES, 2014 WL

106927, at *1 (W.D. Tex. Jan. 2014) citing *Rodriguez v. Pataki*, 280 F.Supp. 2d 89, 93-94 (S.D.N.Y. 2003).  This qualified immunity is only an evidentiary privilege, "governed by federal common law, as applied through Rule 105 of the Federal Rules of Evidence.  *Id.*

The Plaintiff UDC objects to this said *Ruling* (Doc. No. 31) in its' following list.

## LIST OF OBJECTIONS

OBJECTION No. 1: Although there is a possibility that the dismissal of the Defendant Commissioners streamlines litigation and does not prejudice Plaintiff UDC, the *Ruling* (Doc. No. 31) is premature for discovery has not commenced.

Defendants Jackson, LBJ, Linn, Bowman, Cawthorne, Gage-Watts, and Johnson states that "[w]hen face with a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must present factual allegations to raise beyond speculative level the right to relief."  See, *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).  And furthermore, "In considering a motion to dismiss for failure to state a claim upon which relief may be granted, the complaint must be construed most favorably to plaintiff and all well-pleaded facts must be accepted as true." See, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).

In the instant matter, the Defendant Commissioners are alleging that they are exercising a legislative activity authorized by the Caddo Parish Charter.  For the Defendant Caddo Parish Commission and the Defendant Commissioners passed Resolution No. 69. pursuant to the Caddo Parish Charter, Section 3-1 (C).   This said Section states that "a resolution may be used by the commission for the purpose of expressing an opinion as to some given matter or thing and shall not have the force of law."  However, Resolution No. 69 clearly states that, "NOW, THEREFORE, BE IT RESOLVED by the Caddo Parish Commission in due, regular and legal session convened, authorizes the Parish Administrator, assisted by the Parish Legal Staff, to pursue any and all legal means to remove the

3

monument from the Caddo Parish Courthouse Square." In the instant matter the Defendant Caddo Parish Commission and the Defendant Caddo Commissioners are ordering employees "to pursue any and all legal means to remove the monument from the Caddo Parish Courthouse Square; " and it immediately takes effect. Thus, Parish employees can dismantle the Confederate Monument at any time.

OBJECTION No. 2: Although there is a possibility that the dismissal of the Defendant Commissioners streamlines litigation and does not prejudice Plaintiff UDC, the *Ruling* (Doc. No. 31) does not permit the Plaintiff UDC an opportunity to amend its' petition.                    Stonewall, DeSoto Parish, Louisiana, this 31st day of December, 2017.

Respectfully Submitted:

\\Dick "Dave" Knadler\\
_____
Dick "Dave" Knadler, Bar Roll #27829
3223 First Street
Mansfield, Louisiana 71052
(318) 925-1178
dknadler@hotmail.com

CERTIFICATE

I hereby certify that a copy of the above and foregoing has been served upon all attorneys of record in either the U.S. Mail or electronically this 31st day of December, 2017.

Respectfully Submitted:

\\Dick "Dave" Knadler\\
_____
Dick "Dave" Knadler, Bar Roll #27829