UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SHREVEPORT CHAPTER #237 OF THE UNITED DAUGHTERS OF THE CONFEDERACY | CASE NUMBER: 17-CV-01346 |
| Plaintiff, | JUDGE: ROBERT G. JAMES |
| VERSUS | |
| THE CADDO PARISH COMMISSION, ET AL. | |
| Defendants | MAGISTRATE JUDGE: MARK L. HORNSBY |

**MOTION TO RECONSIDER AND OBJECTIONS TO RULING DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION ON DECEMBER 11, 2017**

**MAY IT PLEASE THE COURT:**

**INTRODUCTION**

Plaintiff The Shreveport Chapter #237 of the United Daughters of the Confederacy ("UDC") filed this case because of the viewpoint discrimination against it by the Defendants Caddo Parish Commission ("Commission") and its' seven (7) individual members who voted for Resolution No. 69 of 2017 ("Resolution No. 69") on or about October 19, 2017: Defendants Steven Jackson ("Jackson"), Lyndon B. Johnson ("LBJ"), Matthew Linn ("Linn"), Jerald Bowman ("Bowman"), Lynn D. Cawthorne ("Cawthorne"), Stormy Gage-Watts ("Gage-Watts"), and Louis Johnson ("Johnson") voted in favor of Resolution No. 69.

On or about December 11, 2017, the parties had a hearing on Plaintiff UDC's *Motion for Preliminary Injunction* [Doc. No. 1]. After hearing the testimonies of witnesses, considering the evidence submitted, and arguments of counsel this Honorable Court had taken the *Motion for Preliminary Injunction* [Doc. No. 1] under advisement. However, prior to said hearing this Honorable

1

Court granted the Defendants' *Motion to Dismiss* [Doc. No. 11] filed by the individual Defendant Commissioners. And on or about January 26, 2018, the Court ruled against the plaintiff's motion for a preliminary injunction, contained in its Complaint [Doc. No. 1]. In the final paragraph of its' *Ruling* [Doc. No. 38] the Court wrote the following:

> As with any motion seeking injunctive relief, UDC, as the plaintiff, bears the burden of establishing a substantial likelihood of success on the merits. To meet this burden, UDC has relied primarily on its status as the alleged owner of the plot of land where the Confederate Monument sits. In so relying, UDC faces the uphill battle of trying to prove that the words of 1903 minutes are sufficient to establish its ownership of that plot as a matter of law. Based on the evidence presented, the Court concludes that UDC has failed to meet that burden, or to show that it is entitled to relief otherwise. Therefore for the foregoing reasons, UDC's motion for a preliminary injunction, contained in its Complaint [Doc. No. 1], is DENIED. Its motion for a temporary restraining order [Doc. No. 1] is DENIED AS MOOT.

The Plaintiff UDC objects to this said *Ruling* [Doc. No. 38] in its' following list.

## LIST OF OBJECTIONS OF FINDING OF FACTS

OBJECTION No. 1: Plaintiff objects to the Court's finding of facts which states, "Since the 1840's, Caddo Parish has used Block 23, City of Shreveport, for public purposes...". See, said *Ruling* [Doc. No. 38] p.2.

First, defendant presented no admissible evidence that Caddo Parish had used Block 23, City of Shreveport, for public purposes thru adverse possession since the 1840s. For the defendants provided no historical evidence that the Caddo Parish Police Jury (and/or its successor in interest) had ownership of said Block 23 in 1903, 1904, 1905, and 1906 (no written conveyance exists to prove that the Caddo Parish Police Jury had ownership of said Block 23). And the defendant presented no evidence that falls under any of the exception to FRCP Rule 802 (The Rule Against Hearsay). In addition the defendant presented no historical evidence that the Caddo Parish Police Jury (post-Civil War) had adverse possession of Block 23 until after 1877. For the original landowner may have only given Caddo Parish

permission to put a courthouse of the said Block 23 which does not satisfy the requirements of adverse possession) of the said Block 23.

Furthermore, any evidence presented by the Defendant Caddo Parish Commission concerning "public purposes" is inadmissible as hearsay under FRCP Rule 802 (The Rule Against Hearsay). Under Rule 802 hearsay is not admissible unless any of the following provides otherwise: a). a federal statute; b). these (federal rules) rules; or c). other rules prescribed by the Supreme Court.

Second, the Court's finding of "public purposes" since the 1840s is clearly erroneous because there is no evidence that the said Block 23 was either public property before 1907 or continuously used for "public purposes" since the 1840s; and the parties did not stipulate the "public purposes" since the 1840s as fact. (For a discussion concerning the findings of facts based on stipulation by the parties see, *Smith v. Commissioner*, 300 F.3d 1023, 1028 (9th Cir. 2002)). Thus this said finding of fact by this Honorable Could should be reviewed for clear error for the defendant would have to own the property (before 1907) in order for the property to be public property (and it did not prior to 1907).

For the purposes of adverse possession by the defendant, historically and politically the Caddo Parish Police Jury could not have had adverse possession of the said Block 23 from 1861 till 1877 because it did not exist during that period. Thus, the historical evidence supports the findings that the Caddo Parish Police Jury did not acquire title to the said Block 23 prior to 1907 or possibly later. For this reason (but not limited to it) "factual finding underlying the district court's ruling are reviewed for clear error." *United States v. Wilkes*, 662 F.3d 524 at 532 (9th Cir. 2011) (internal quotation marks and citation omitted).

And finally for the previously mentioned reasons plaintiff argues that the Court abused its discretion because it "rests its decision on a clearly erroneous finding of material fact." See, *Jeff D. v. Otter*, 643 F.3d 278 (9th Cir. 2011) (citing *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir.

2004). In addition, the Court further abused its discretion when the "[r]ecord contains no evidence to support district court's decision" because no evidence (or stipulation by the parties) was presented by the defendant that it owned the said Block 23 before 1907 or later. See, *Oregon Natural Res. Council v. Marsh*, 52 F.3d 1485, 1492 (9th Cir. 1995). See also *Fox v. Vice*, 131 S. Ct. 2205, 2211 (2011)(recognizing trial court has wide discretion "but only when, it calls the game by the right rules"). OBJECTION No. 2: Plaintiff objects to the Court's finding of facts which states, "...A courthouse, maintained by Caddo Parish, has sat on the same property since 1860". See, said Ruling [Doc. No. 38] p. 2.

Furthermore, any evidence presented by the Defendant Caddo Parish Commission concerning a " courthouse, maintained by Caddo Parish" is inadmissible as hearsay under FRCP Rule 802 (The Rule Against Hearsay). Under Rule 802 hearsay is not admissible unless any of the following provides otherwise: a). a federal statute; b). these (federal rules) rules; or c). other rules prescribed by the Supreme Court. For the defendant presented no evidence or witness who can attest this said fact during the hearing. And it does not fall under any of the other exceptions to Rule 802. Furthermore, Caddo Parish could not have continuously maintained any building on the said Block 23 since 1860; because the current parish government of Caddo (i.e. the defendant) could not have been reestablished before 1877. Thus, the historical evidence suggests that Caddo Parish could not acquire ownership of said Block 23 by acquisitive possession before 1907 or later. However, on June 18, 1903, the Caddo Parish Police Jury, the predecessor of the Commission, held a meeting. The minutes of that meeting states the following:

> The rules were suspended and Mr. W.H. Wise on behalf of the Daughters of the Confederacy made an earnest appeal for an appropriation of $1000 for the Confederate monument, at the same time requesting that the monument association be given the front plat or portion of court house square as a site for the monument.

4

>Moved by J.S. Young that the $1000.00 be allowed and the front plat of court house square be reserved for that purpose, which motion was unanimously adopted.

[Doc. No. 10, Attachment #5 (emphasis added)]

After this plaintiff gained adverse possession of its "front plat or portion of court house square" of land underneath the Caddo Parish monument since 1903 (enclosed as early as 1905). Furthermore, the plaintiff argues that the said Caddo Parish Police Jury minutes (dated June 18, 1903) is evidence of an onerous donation made to plaintiff for the minutes indicate an intent to donate and the said monument costs $10,000 to erect (which is more than two and half times the value of the land).

OBJECTION No. 3: Plaintiff objects to the Court's finding of facts which states, "The Court will make its own conclusions of law, but reports the findings of United Title as facts." See, said Ruling [Doc. No. 38] p. 3.

The said title opinion by United Title of Louisiana, Inc. ("United Title") with reference to said Block 23 in the City of Shreveport is inadmissible as hearsay under FRCP Rule 802 (The Rule Against Hearsay). Under Rule 802 hearsay is not admissible unless any of the following provides otherwise: a). a federal statute; b). these (federal rules) rules; or c). other rules prescribed by the Supreme Court. For the defendant presented no evidence or witness who can attest this said fact during the hearing. And the said title opinion does not fall under any of the exceptions to Rule 802.

In addition this said title opinion presents no conclusion that the Caddo Parish Police Jury had adverse possession (for the original landowner(s) of Block 23 may have only given Caddo Parish permission to put a courthouse of the said Block 23 which does not satisfy the requirements of adverse possession) of the said Block 23 prior to 1907. And furthermore, the defendant presented no witnesses who could attest to the truthfulness of this said title opinion; and plaintiff was given no meaningful opportunity to address the Court on whether or not the findings of United Title are all facts. The Court

5

found that United Title did not find a deed to defendant; but it found a reference to the "Court House" for the said Block 23 in 1857. Historically, the defendant could not have had adverse possession of the said Block 23 from 1861 till at least 1877 (i.e. as the result of the Compromise of 1877). Thus, the findings of United Title did not conclude that the defendant had acquire ownership before 1907 (because the historical evidence does not support that the defendant had adverse possession of the said Block 23 for the requisite amount of time before 1907 or later). And finally this said title opinion does not state that acquisitive prescription by the defendant excluded the plaintiff from owning the land underneath the Monument by acquisitive prescription.

Second, the Court's finding of "the finding of United Title as facts" is clearly erroneous where it presented no evidence that the said Block 23 was either public property before 1907 or continuously used for "public purposes" since the 1840s; and this said finding was not stipulated too by the parties. For a discussion concerning the findings of facts based on stipulation by the parties (the "public purposes" since the 1840s was not stipulated too in the instant matter). See, *Smith v. Commissioner*, 300 F.3d 1023, 1028 (9th Cir. 2002). Thus this said finding of fact by this Honorable Could should be reviewed for clear error for the defendant would have to own the property (before 1907) in order for the property to be public property. For the purposes of adverse possession by the defendant, historically and politically the Caddo Parish Police Jury could have had adverse possession of the said Block 23 from 1861 till 1877 because it did not exist during that period. Thus, the historical evidence supports the findings that the Caddo Parish Police Jury did not acquire title to the said Block 23 prior to 1907 or possibly later. For this reason (but limited to it) "factual finding underlying the district court's ruling are reviewed for clear error." *United States v. Wilkes*, 662 F.3d 524 at 532 (9th Cir. 2011) (internal quotation marks and citation omitted).

**LIST OF OBJECTIONS OF CONCLUSIONS OF LAW**

OBJECTION No. 1: Based on the Court's abuse of its discretion plaintiff objects to the Court's finding of conclusions of law whereby the plaintiff "has no substantial likelihood of success showing that it obtained ownership interest in the plot based on the Caddo Parish Police Jury's gratuitous donation". See, said *Ruling* [Doc. No. 38] p. 8.

First the Court abused its discretion by holding that no gratuitous donation inter vivos had taken place from the defendant to the plaintiff. For this Honorable Court's *Ruling* implies that for purposes LA CIV. CODE ART. 1536 (1870) that the defendant is a "person." This conclusion is clearly erroneous for the defendant is a sub-political entity; but not a "person" under this said ART. 1536 (1870). For this said law cited by this Honorable Court pertains to only "persons" for a gratuitous inter vivos donation; whereby "[s]uch donations must be made "by authentic act under the penalty of absolute nullity, unless otherwise expressly permitted by law." *Cf.* LA. CIV. CODE ART. 1536 (1870); LA. CIV. CODE ART. 1541 (West. 2009). And furthermore defendant produced no evidence that a COMPLETE conveyance record exists in Caddo Parish, thus there is no absolute certainty that the parties failed to execute a written legal instrument conveying ownership to the plaintiff. Thus (with no evidence presented by the defendants of a complete conveyance record in Caddo Parish) a lack of evidence (at the moment) of a written conveyance under authentic act does not mean **there was** no written conveyance instrument under authentic act. Thus due to a lack of the defendant being a "person" for purposes of LA. CIV. CODE ART. 1536 (1870), no proof that the said Block 23 was public property prior to 1907, and no proof of a complete conveyance record in Caddo Parish, (besides through adverse possession and acquisitive prescription) plaintiff had also acquired ownership of said (even if it were public property) of the said Block 23 under LA. REV. STAT. 41: SEC. 13235.

Said LA. REV. STAT. 41: SEC. 13235 provides that "transfers ... of public property by ... police juries made prior to twelve o'clock, noon, July 28, 1948 are hereby validated, ratified and

confirmed unto the original ... transferees...notwithstanding any informalities provided there was valid consideration therefor." *Id*. In addition in the term "notwithstanding any informalities" found in LA. REV. STAT. 41: SEC. 13235. Said LA. REV. STAT. 41: SEC. 13235 precludes a nullity based on a lack of written conveyance under authentic act (which is a formality) for purposes of a valid gratuitous donation because the defendant (which is not a "person" for purposes of LA. CIV. CODE ART. 1536 (1870)) did not challenge the plaintiff's ownership prior to 1962.

Second, the Court's finding of no underlying facts a nullity based on a lack of written conveyance under authentic act is clearly erroneous where the defendant presented no evidence that the said plaintiff's ownership of the front plat underneath the monument was nullified prior to the passage of LA. REV. STAT. 41: SEC. 13235; and no nullification was stipulated too by the parties. For a discussion concerning the findings of facts based on stipulation by the parties (the "public purposes" since the 1840s was not stipulated too in the instant matter). See, *Smith v. Commissioner*, 300 F.3d 1023, 1028 (9th Cir. 2002). Thus this said finding of fact by this Honorable Court should be reviewed for clear error. For the defendant would have had to nullify the gratuitous donation prior to 1962. Again for under the said LA. REV. STAT. 41: SEC. 13235, it precludes a nullity based on a lack of written conveyance under authentic act (which is a formality) for purposes of a valid gratuitous donation because the defendant (which is not a "person" for purposes of LA. CIV. CODE ART. 1536 (1870)) did not challenge the plaintiff's ownership prior to 1962. For this reason (but limited to it) "factual finding underlying the district court's ruling are reviewed for clear error." *United States v. Wilkes*, 662 F.3d 524 at 532 (9th Cir. 2011) (internal quotation marks and citation omitted). And finally in the alternative, plaintiff objects that article 1541 (formerly 1536) does not apply in the instant matter because the plaintiff acquired ownership of the said front plat thru acquisitive prescription because Block 23 was not public property prior to 1907 or later.

OBJECTION No. 2: Based on the Court's abuse of its discretion plaintiff objects to the Court's finding of conclusions of law whereby the plaintiff has no substantial likelihood of success showing that it obtained ownership interest in the plot based on the Caddo Parish Police Jury's onerous donation. See, said *Ruling* [Doc. No. 38] pp. 8 and 9.

First the Court abused its discretion by holding that no onerous donation inter vivos had taken place from the defendant to the plaintiff. For this Honorable Court ruling implies that for purposes LA CIV. CODE ART. 1526 (1870) that the defendant is a "person." For the defendant is a sub-political entity; but not a "person" under this said ART. 1526 (1870). Also, the Court raises the issues of a lack of evidence submitted by the plaintiff concerning the value of the said Monument. For ART. 1526 (1870) requires "the value of the object given exceeds by one-half that of the charges or the service" to be performed. Although there was no stipulation to the value of the said monument costing $10,000 by 1906, the defendant did not object to this value thus the Court abused its discretion for finding the $10,000 value found in Doc. 10-7 p. 12 as hearsay. And the Court abused its discretion by *sua sponte* declaring the $10,000 value found in Doc. 10-7 p. 12 as hearsay without giving the plaintiff a meaningful opportunity to address the court on December 11, 2017 (especially when there is an absence of an objection from the defendant for this figure). For the witnesses were available to the Court who could testify to this figure if given an opportunity by the Court.

Plaintiff further objects to the Court's finding that no donation inter vivos (either gratuitous of onerous) did not take place. The Court wrote the following:

> ...While it is clear that UDC **asked** for a donation of the plot of land and $1,000.00, the Caddo Parish Police Jury's vote gave UDC $1,000.00 and **"reserved"** the plot for the "purpose" of installing the Confederate Monument. The only evidence before the Court of the Caddo Parish Police Jury's intent in 1903 is the language contained in the minutes. The Court finds that the word "reserved" does not indicate an intent to donate the plot to UDC, and, therefore, UDC does not have a substantial likelihood of success on proving that there was a donation. See,

9

said *Ruling* [Doc. No. 38] p. 9.

Plaintiff further objects to this factual finding that "reserved" contained in the said minutes does not show evidence of an intent to donate the said plot to plaintiff because the term "reserved" is taken out of context in the Court's *Ruling*. This objection is based on the Court abusing its discretion by defining the term "reserved" in isolation and out of context. In addition the Court abused its discretion by defining the term "reserved" in isolation and out of context without the stipulation of the parties to the said term's meaning. Thus, it is clearly an erroneous finding of law when the actual pertinent language of the said minutes states, "that the $1000.00 be allowed and the front plat of court house square be reserved for that purpose, ("that purpose" refers to the statement "that the monument association **be given** the front plat or portion of court house square as a site for the monument).

Placing the full term "front plat of court house square be **reserved for that purpose**" (bold added by plaintiff) in proper context, the said term clearly indicates intent of the Caddo Parish Police Jury to give the front plat to plaintiff "as a site for the monument". And finally for the previously mentioned reasons plaintiff objects for the Court abused its discretion because it "rests its decision on a clearly erroneous finding of material fact." See, *Jeff D. V Otter*, 643 F.3d 278 (9th Cir. 2011) (citing *Casey v. Albertson's Inc.*, 362 F. 3d 1254, 1257 (9th Cir. 2004). In summary, plaintiff further objects to the Court's legal conclusion that no valid transfer of ownership or consideration happened for purposes of said LA. REV. STAT. 41: SEC. 13235 for the following reasons:

> 1). Besides plaintiff acquiring ownership by acquisitive prescription because there is a possible legal impossibility that the said Block 23 was public property prior to 1907, the Caddo Parish Policy Jury was not a "person" for the purposes of LA. CIV. CODE ART. 1536 (1870) and even if the said Block 23 was public property the transfer to the plaintiff was not nullified prior to 1962. Thus, LA. REV. STAT. 41: SEC. 13235 validated, ratified and confirmed unto the original transferee because the transfer was not nullified prior to 1962;
>
> 2). The Court further abused its discretion when it did not find that the plaintiff putting the

>Confederate Monument on its site was not valid consideration for being given the said plot of land for purposes of LA. REV. STAT. 41: SEC. 13235 because Louisiana recognizes non-monetary cause in a contract;
>
>3). The Court abused its discretion by using evidence from the BLACK's LAW DICTIONARY (10th ed. 2014) as hearsay evidence for defining the term "reserve" when it is not permitted under either FRCP Rule 803 or 804; and
>
>4). In the alternative since the defendant did not own said Block 23 before 1907, the plaintiff acquire the ownership of its land thru acquisitive prescription.

OBJECTION No. 3: Based on the Court's abuse of its discretion plaintiff objects to the Court's finding of that plaintiff could not "affirmatively use the defense of laches against the" defendant because "in effect, [it] result[s] in a finding that UDC had obtained title or ownership to the plot where the Monument sits by acquisitive prescription.". See, said *Ruling* [Doc. No. 38] p. 14.

First, defendant produced no evidence that the said Block 23 was public property prior to 1907. Thus, the Court abused its discretion by not permitting plaintiff to affirmatively use the defense of laches when no evidence existed that defendant had owned the said Block 23 prior to 1907. For defendant would not be able to adversely possess Block 23 until 1877; but there is not evidence that defendant even adversely possessed Block 23 in 1877. Thus, the Court finding that plaintiff did not acquire ownership of the said plot and denying plaintiff its affirmative defense of laches was an abuse of the Court's discretion (because the Court's conclusion of law was based on a material error of facts).

OBJECTION No. 4: Based on the Court's abuse of its discretion, plaintiff objects that the Court did not examine its Fourteenth Amendment claims because the Court's conclusion of law was based on an error of a material issue of facts that plaintiff did not own the property underneath the Monument. See, said *Ruling* [Doc. No. 38] p. 14.

First on its Fourteenth Amendment, plaintiff objects to the Court's abuse of its discretion when it states that plaintiff did not "have a legitimate claim of entitlement to it" when the Court raises it *sua*

11

*sponte* in its *Ruling* (without giving plaintiff a meaningful opportunity to address this issue at the hearing). Furthermore, the challenged law in plaintiff's original complaint clearly shows that the defendant afforded plaintiff no opportunity to challenge the taking of plaintiff's property. Thus, plaintiff satisfied the requirements when there is no state procedure contained in the challenged law whereby "a violation of the Just Compensation Clause" allows no just compensation. For further reference see, *Hodel v. Virginia Surface Mining & Reclamation Assn., Inc.* 452 U.S. 264 (US 1981). Furthermore, plaintiff objects to the Court's legal conclusion that defendant did not deprive plaintiff of life, liberty, or property because the Court based its' reasoning on a material error of facts that plaintiff did not own the property underneath the Monument. Based on the Court's abuse of its discretion, plaintiff objects that the Court did not find that plaintiff owned the Confederate Monument. See, said *Ruling* [Doc. No. 38] p. 15.

The Honorable Court raises the argument that of plaintiff's "alleged ownership of the Confederate Monument." Plaintiff objects to the Honorable Court's said legal conclusion because plaintiff was not given a meaningful opportunity to address its ownership of said Monument. During the said hearing plaintiff had witnesses who could have testified to the truthfulness of plaintiff's ownership of the said Monument; but there is little evidence that defendant raised this issue in Court. However, plaintiff is grateful that this Honorable Court still acknowledges that the plaintiff may an ownership interest in said Monument nevertheless.

OBJECTION No. 5: Based on the Court's abuse of its discretion plaintiff objects that the Court reached the legal conclusion that the Court need not reach the remaining factors because its reasoning was based on an error of a material issue of fact that plaintiff did not own the land underneath the Monument.

For the defendant's official website it admitted that plaintiff owned the land underneath the Monument. Plaintiff objects that the Court had abused its discretion by ruling that the defendant

12

website's admission against interest was hearsay. The Court did not make this ruling in open court. Thus, plaintiff did not have a meaningful opportunity to point out that the defendant's website's admission against interest (whereby it states that plaintiff owned the property underneath the Monument) is permitted under FRCP Rule 804 (3). Under Rule 804 (3) the said website's admission that plaintiff owned said property is a statement that a reasonable person in the defendant's position would have made only if the person believed it to be true, when made, it was so contrary to the defendant's proprietary or pecuniary interest or had so great a tendency to invalidate the defendant's claim against itself or to expose the defendant to civil or criminal liability is admissible. Furthermore, under Rule 804 (3) the corroborating circumstances that the defendant presented two witnesses who testified that the origins of this said statement is unknown (and had been there for many years without changes) clearly indicates its trustworthiness. Thus, the said admission against interest (whereby it states that plaintiff owned the land underneath the Monument) from said website should have been admitted as fact. In conclusion plaintiff reserves the right to make further objections because further discovery should provide further evidence of objections to the Court's *Ruling*. Furthermore, plaintiff prays that this Honorable Court reconsiders its previous *Ruling* and incorporate the findings contained in plaintiff's *Motion*.

   Stonewall, DeSoto Parish, Louisiana, this 5th day of February, 2018.

                Respectfully Submitted:

                \\Dick "Dave" Knadler\\

                _____
                Dick "Dave" Knadler, Bar Roll #27829
                3223 First Street
                Mansfield, Louisiana 71052
                (318) 925-1178
                dknadler@hotmail.com

CERTIFICATE

I hereby certify that a copy of the above and foregoing has been served upon all attorneys of record in either the U.S. Mail or electronically this 5th day of February, 2018.

                                                  Respectfully Submitted:

                                                  \\Dick "Dave" Knadler\\
                                                  _____
                                                  Dick "Dave" Knadler, Bar Roll #27829