UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SHREVEPORT CHAPTER #237 OF THE UNITED DAUGHTERS OF THE CONFEDERACY | CIVIL ACTION NO. 17-CV-01346 |
| VERSUS | JUDGE JAMES |
| THE CADDO PARISH COMISSION, ET AL | MAGISTRATE JUDGE HORNSBY |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER AND OBJECTIONS TO RULING DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

NOW INTO COURT, through its undersigned counsel, comes Caddo Parish (erroneously sued as the Caddo Parish Commission) asking the Court to deny plaintiff's motion to reconsider.

### A.   INTRODUCTION

1. Plaintiff is Shreveport Chapter #237 of the United Daughters of the Confederacy.

2. Plaintiff sued defendants individually pursuant to 42 U.S.C. §1983 and 1988 for declaratory judgment, injunctive relief, nominal damages, punitive damages and attorney's fees to redress alleged violations of the plaintiff's rights as protected by the First, Fifth and Fourteenth Amendments of the U.S. Constitution.

3. On December 11, 2017, this Honorable Court took evidence in a hearing on Plaintiff's Motion for Preliminary Injunction.  The Court took the matter under advisement

4. On February 6, 2018, plaintiff filed a Motion to Reconsider and Objections to Ruling regarding this Honorable Court's denial of plaintiff's motion for a preliminary injunction.

### B. ARGUMENT

"Motions for reconsideration are not vehicles for relitigating old issues, ... securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'; rather, the standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Cullum v. Siemens*, 2013 WL 5781203 (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.,* 684 F.3d 36, 52 (2d Cir.2012) and *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir.1998)); *See also Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990); *Campbell v. St. Tammany Parish School Board,* No. 98–2605, 1999 WL 777720, at *1 (E.D.La. Sept.29, 1999).

Plaintiff first lists its objections to findings of fact. In this section of its Motion, Plaintiff objects to the Court's finding that Block 23, Courthouse Square, has been continuously used and maintained by parish government since the mid-1800's. Plaintiff states that such testimony is inadmissible hearsay and is insufficient. Defendant notes that this testimony was elicited through Plaintiff's own expert witness, Dr. Gary Joiner, who was offered and received by the Court as an expert in Cartography and History (Transcript p. 37, 56-59). FRE 702 allows expert witnesses to give opinion testimony. Plaintiff used the same witness to attempt establish that the Parish did not own the property at issue, Block 23, Courthouse square, in the 1800's. If the testimony Dr. Joiner gave that was favorable to the Parish is hearsay, so is the testimony that was favorable to

the Defendant and it must all be thrown out. The result of such is that Plaintiff will not have met its burden of proof that the Parish did not own and maintain the property since the mid 1800's.

Secondly, Plaintiff lists "Objections to the Court's Conclusions of Law." Specifically, the Plaintiff objects to and argues the following:

    1) The Court erred in ruling that there was no gratuitous or onerous donation from Defendant to plaintiff, of the land upon which the Confederate Monument sits; 2) Because there was a donation from Defendant to Plaintiff of said land, Court erred in ruling that any irregularities in that donation were not ratified by LSA-R.S. 41:13235; 3) The Court erred in finding that the Plaintiff could not assert a defense of laches because Plaintiff had not obtained said land by acquisitive prescription.

The Court in this case found, based on the expert testimony of Plaintiff's witness, that the Parish owned and maintained the property at issue since the mid 1800's and had obtained that property by acquisitive prescription by 1903. There was more than enough evidence for this finding through Dr. Joiner's testimony, as well as the maps submitted into evidence that show a continuous recognition from 1857-through the 1930s that the property in question was considered and used as public property throughout that time period. Thus, the defense of laches is not applicable. Private persons cannot acquire property through acquisitive prescription against the government. *City of New Orleans v. Carrollton Land Company*, 60 So.2d 95 (1913); *Shreveport v. Frank C. Walpole*,

Page 3

22 La. Ann. 526.  Plaintiff also states the Court erred in failing to find that a statement on Defendant's website that the Plaintiff owned the land under the Confederate Monument was an admission against interest.  Evidentiary admissions may be controverted or explained by the party against whose interest they are made. *Martinez v. Bally's, Louisiana*, 244 F.3d, 474, (5th Cir. 2001). This would mean that the trier of fact is entitled to view them and assign weight as it would to any other evidence. In this case, the Defendant provided testimony that the website information had been entered by an employee who was not entitled to make legal conclusions or speak on behalf of the Parish.  The Court obviously chose not to weight the statement as fact and it was within the Court's discretion to so choose.

The only evidence of any donation by Defendant to plaintiff is the reservation mentioned in the 1903 Policy Jury minutes.  The Court found, and accurately so, that a reservation is not a grant of ownership, i.e. a donation.  The Plaintiff has not provided any case law that says otherwise.  Because there was no donation from Defendant to Plaintiff, there is nothing to be ratified by LSA-R.S. 41:13235.

Plaintiff had every opportunity to raise these issues, and between Plaintiff's original Complaint, its Memorandum in Support of Motion for Preliminary Injunction and the hearing upon that motion, Plaintiff did raise these issues.  They should not be relitigated and thus, the Motion for Reconsideration should be denied.

Respectfully submitted,

OFFICE OF THE PARISH ATTORNEY
PARISH OF CADDO


BY:    s/Donna Y. Frazier
       Donna Y. Frazier, Bar Roll No. 24420
       Caddo Parish Attorney
       Henry M. Bernstein, Bar Roll No. 03011
       Assistant Parish Attorney
       Government Plaza
       505 Travis Street, Suite 810
       P. O. Box 1127
       Shreveport, Louisiana 71163-1127
       Telephone (318) 226-6947
       Facsimile (318) 226-6974
       ATTORNEYS FOR DEFENDANTS


CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on counsel of record in this matter via CM/ECF on March 29, 2018.


Dick "Dave" Knadler
3223 First Street
Mansfield, LA  71502


            s/Donna Y. Frazier
       OF COUNSEL