UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SHREVEPORT CHAPTER #237 OF THE UNITED DAUGHTERS OF THE CONFEDERACY | CIVIL ACTION NO. 17-CV-01346 |
| VERSUS | JUDGE JAMES |
| THE CADDO PARISH COMISSION, ET AL | MAGISTRATE JUDGE HORNSBY |

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

NOW INTO COURT, through their undersigned counsel, comes the Caddo Parish Commission which answers Plaintiff's First Amended Complaint as follows:

### A. FIRST DEFENSE
### ADMISSIONS & DENIALS

1. Defendant denies that the Confederate Monument sits on private property belonging to Chapter #237 of the Daughters of the Confederacy. Defendant further denies that it has abridged any constitutional rights belonging to Chapter #237 of the Daughters of the Confederacy. Defendant lacks sufficient knowledge or information to form a belief about the remainder of allegations in Paragraph 1.

2. Defendant admits the allegations of Paragraph 2.

3. Defendant admits the allegations of Paragraph 3.

4. Defendant denies the allegations of Paragraph 4.

5. Defendant lacks sufficient knowledge or information to form a belief about the truth of Paragraph 5.

6. Defendant denies that the Caddo Parish Commission is a political subdivision of the State of Louisiana and that it maintains the power to sue and be sued. The Parish of Caddo is the political subdivision of the State of Louisiana that has the power to sue and be sued, whereas the Caddo Parish Commission is the legislative branch of the Parish of Caddo pursuant to the Parish's Home Rule Charter. Defendants deny the remainder of Paragraph 6.

7. Defendant admits that the Caddo Parish Commission passed a resolution to seek all legal means to remove the Confederate Monument from its public property, Caddo Parish Courthouse Square. Defendant denies the remainder of Paragraph 7.

8. Defendant lacks sufficient knowledge or information to form a belief about the truth of Paragraph 8.

9. Defendant lacks sufficient knowledge or information to form a belief about the truth of Paragraph 9.

10. Defendant lacks sufficient knowledge or information to form a belief about the truth of Paragraph 10.

11. Defendant shows that Paragraph 11 alleges the legal effect of a statute and not facts. To the extent that Paragraph 11 calls for a response from Defendant, Defendant denies the allegations of this paragraph.

12. Defendant denies the allegations of Paragraph 12.

13. Defendant lacks sufficient knowledge or information to form a belief about the truth of Paragraph 13.

14. Defendant denies the allegations of Paragraph 14.

15. Defendants denies the allegation of Paragraph 15.

16. Defendant denies the allegations of Paragraph 16.

17. Defendant denies the allegations of Paragraph 17.

18. Defendant denies the allegations of Paragraph 18.

19. Defendant denies the allegations of Paragraph 19.

20. Defendant denies the allegations of Paragraph 20.

21. Defendant denies the allegations of Paragraph 21.

22. Defendant denies the allegations of Paragraph 22.

23. Defendant denies the allegations of Paragraph 23.

24. Defendant denies the allegations of Paragraph 24.

25. Defendant denies the allegations of Paragraph 25.

26. Defendant admits that a National Register of Historic Places Registration From was submitted which is the best evidence of its contents. Defendant denies the remaining allegations of Paragraph 26.

27. Defendant denies the allegations of Paragraph 27.

28. Defendant denies the allegations of Paragraph 28.

29. Defendant admits that the Caddo Parish Commission appointed a Citizen's Advisory Committee to make recommendations on the fate of the Confederate Monument in front of the Caddo Parish Courthouse, and that the Committee recommended the Confederate Monument remain and that

two additional monuments to Reconstruction and Civil Rights be added. Defendant further admits that the Citizen's Advisory Committee received numerous comments from members of the public regarding the monument. And Defendant admits that the Caddo Parish Commission chose a different course of action.

30. Defendant denies the allegations of Paragraph 30.

31. Defendant admits the allegations of Paragraph 31.

32. Defendant denies the allegations of Paragraph 32. Further answering, Defendant shows that the lawsuit is the best evidence of the relief sought and further shows that it filed a Peremptory Exception of No Right of Action challenging the right of the plaintiff in that action to file a lawsuit over the ownership of property in which he did not have an ownership interest or claim.

33. Defendant admits the allegations of paragraph 33.

34. In response to Paragraph 34, Defendant reiterates its preceding responses to Paragraphs 1 through 33.

35. Defendant denies the allegations of Paragraph 35.

36. In response to the second paragraph labeled as "24," Defendant reiterates its preceding responses to Paragraphs 1 through 35.

37. Defendant denies the allegations of the second paragraph labeled "25."

38. In response to the second paragraph labeled as "26," Defendant reiterates its responses to all prior paragraphs of the First Amended Complaint.

39. Defendant denies the allegations of the second paragraph labeled "27."

## B. SECOND DEFENSE
## DEFENDANT SHOWS THAT PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.

This Honorable Court has made the following factual findings in this case: 1) That Caddo Parish has used Block 23, City of Shreveport for public purposes since the 1840s; 2) That a courthouse, maintained by Caddo Parish, has sat on the same property since 1860.[1] These facts show that Caddo Parish acquired ownership of Block 23, City of Shreveport somewhere between the 1850s and 1890. This Court has also found that in 1903, the front plat of the Courthouse was reserved for the placement of the Confederate monument (as opposed to donated)[2]. Plaintiff asserts First, Fifth and Fourteenth Amendment claims, all of which require that Plaintiff have a property interest in Block 23, City of Shreveport. All claims fail because this Honorable Court has essentially found facts that lead to the conclusion that Plaintiff has no property interest in Block 23, City of Shreveport.

---

[1] *Shreveport Chapter #237 of the United Daughters of the Confederacy v. Caddo Parish Commission, et al*, Civil Action No. 17-1346, U.S. District Court, Western District of Louisiana, Document 38 at page 2. (1/26/18).
[2] *Id.* at 3; *see also* page 9.

## C. PRAYER

For these reasons, defendants ask the Court to enter judgment that plaintiff take nothing, dismiss plaintiff's suit with prejudice, assess costs against plaintiff, and award defendant all other relief the Court deems appropriate.

                            Respectfully submitted,

                            OFFICE OF THE PARISH ATTORNEY
                            PARISH OF CADDO

BY:    s/Donna Y. Frazier
          Donna Y. Frazier, Bar Roll No. 24420
          Caddo Parish Attorney
          Henry M. Bernstein, Bar Roll No. 03011
          Assistant Parish Attorney
          Government Plaza
          505 Travis Street, Suite 810
          P. O. Box 1127
          Shreveport, Louisiana 71163-1127
          Telephone (318) 226-6947
          Facsimile (318) 226-6974
          ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on counsel of record in this matter via CM/ECF on April 10, 2018.

Dick "Dave" Knadler
3223 First Street
Mansfield, LA  71502

                          s/Donna Y. Frazier
                        OF COUNSEL