UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **SHREVEPORT CHAPTER #237 OF UNITED DAUGHTERS OF THE CONFEDERACY** | **CIVIL ACTION NO. 17-1346** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CADDO PARISH COMMISSION, ET AL.** | **MAG. JUDGE MARK L. HORNSBY** |

RULING

Before the Court is a Motion for Reconsideration of the Court's Ruling denying a preliminary injunction, filed by Plaintiff Shreveport Chapter #237 of the United Daughters of the Confederacy ("UDC" or "Plaintiff"). [Doc. No. 44] By its motion, Plaintiff moves the Court to "reconsider[] its previous *Ruling* and incorporate the findings contained in plaintiff's *Motion*."[1] *Id.* at 13 (emphasis in original). For the reasons that follow, Plaintiff's Motion for Reconsideration is DENIED.

**I.     Background**

On October 19, 2017, Plaintiff filed this suit seeking, in part, a preliminary injunction enjoining the Caddo Parish Commission ("Commission" or "Defendant") from enforcing Resolution 69 by removing the Confederate Monument currently located at the Caddo Parish Courthouse Square.[2] In support of its motion for injunction, Plaintiff argued because it is the owner of the land

---

[1] Although not specifically stated, it appears Plaintiff additionally seeks a judgment granting the injunction previously requested.

[2] Resolution 69 was adopted by the Commission on October 19, 2017. [Doc. No. 12-1 at 2]. The Resolution "authorizes the Parish Administrator, assisted by the Parish Legal Staff, to pursue any and all legal means to remove the monument from the Caddo Parish Courthouse Square." [Doc. 12-4] Plaintiff

upon which the monument sits, enforcement of Resolution 69 would violate its rights under the First, Fifth and Fourteenth Amendments to the United States Constitution. [Doc. 10 at 4]. On December 11, 2017, the Court held a hearing on the Motion for Preliminary Injunction and then took the matter under advisement. [Doc. No. 31]. On January 26, 2018, the Court issued its Ruling and denied the motion. [Doc. No. 38]. As set forth in the Ruling, the Court found Plaintiff failed to meet its burden of showing there is a substantial likelihood it will prevail on the merits, because Plaintiff did not show a substantial likelihood of proving it owns the plot of land upon which the monument sits. *Id.* at 6, 14. Because Plaintiff's claims hinge upon its status as owner of the *locus in quo*, as a threshold matter Plaintiff had to first establish a substantial likelihood it is the owner of the land before showing its entitlement to injunctive relief. This Plaintiff failed to do.

By the present motion, Plaintiff lodges the following "objections" to the Court's Ruling:

1. "Plaintiff objects to the Court's finding of facts which states, 'Since the 1840's, Caddo Parish has used Block 23, City of Shreveport, for public purposes. . . .'" [Doc. No. 44 at 1 (citing Doc. No. 38 at 2)]

2. "Plaintiff objects to the Court's finding of facts which states, '. . .A courthouse, maintained by Caddo Parish, has sat on the same property since 1860.'" *Id.* at 4 (citing Doc. No. 38 at 2).

3. "Plaintiff objects to the Court's finding of facts which states, 'The Court will make its own conclusions of law, but reports the findings of United Title as facts.'" *Id.* at 5 (citing Doc. No. 38 at 3).

4. "Based on the Court's abuse of its discretion plaintiff objects to the Court's finding of conclusions of law whereby the plaintiff 'has no substantial likelihood of success showing that it obtained ownership interest in the plot based on the Caddo Parish Police Jury's gratuitous donation.'" *Id.* at 7 (citing Doc. No. 38 at 8).

---

originally named as Defendants the Caddo Parish Commission and the seven Caddo Parish Commissioners who voted in favor of Resolution 69 in their official capacities only. [Doc. No. 1 at ¶¶ 6-13] On December 11, 2017, the Court dismissed the claims against the Commissioners, leaving the Caddo Parish Commission as the sole Defendant to this suit. [Doc. No. 31]

5. "Based on the Court's abuse of discretion plaintiff objects to the Court's finding of conclusions of law whereby the plaintiff has no substantial likelihood of success showing that it obtained ownership interest in the plot based on the Caddo Parish Police Jury's onerous donation." *Id.* at 9 (citing Doc. No. 38 at pp. 8-9).

6. "Based on the Court's abuse of its discretion plaintiff objects to the Court's finding of that [sic] plaintiff could not 'affirmatively use the defense of laches against the' defendant because 'in effect, [it] result[s] in a finding that UDC had obtained title or ownership to the plot where the Monument sits by acquisitive prescription.'" *Id.* at 11 (citing Doc. No. 38 at 14).

7. "Based on the Court's abuse of its discretion, plaintiff objects that the Court did not examine its Fourteenth Amendment claims because the Court's conclusion of law was based on an error of a material issue of facts that plaintiff did not own the property underneath the Monument." *Id.* (citing Doc. No. 38 at 14).

8. "Based on the Court's abuse of its discretion plaintiff objects that the Court reached the legal conclusion that the Court need not reach the remaining factors [for a preliminary injunction] because it reasoning was based on an error of a material issue of fact that plaintiff did not own the land underneath the Monument." *Id.* at 12.

Following a thorough review of the pending motion, the Court finds nothing presented therein warrants reversal of the Court's original Ruling, as Plaintiff has not shown there is a substantial likelihood it will succeed on the merits at trial.

## II.     Standard of Review

In refusing an interlocutory injunction, a court must "state the findings and conclusions that support its action." Fed. R. Civ. P. 52(a)(2). On a party's timely motion, "the court may amend its findings—or make additional findings—and may amend the judgment accordingly. Fed. R. Civ. P. 52(b).[3] The purpose of Rule 52(b) "is to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence." *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207,

---

[3] A motion filed pursuant to Fed. R. Civ. P. 52(b) "may accompany a motion for a new trial under Rule 59." Fed. R. Civ. P. 52(b). Plaintiff in this matter does not move for a new trial under Rule 59.

1219 (5th Cir. 1986). However, a motion to amend should not be employed "to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." *Id.* "Except for motions to amend based on newly discovered evidence, the trial court is only required to amend its findings of fact based on evidence contained in the record." *Id.* "To do otherwise would defeat the compelling interest in the finality of litigation." *Id.*

### III. Analysis

Essentially, through its objections, Plaintiff argues the Court erred in finding Plaintiff failed to meet its burden of showing it has a substantial likelihood of success on the merits, because Plaintiff showed it owns the property upon which the monument sits. In its original motion, Plaintiff argued it owns the *locus in quo* by virtue of a donation (either gratuitous or onerous) from the Caddo Parish Police Jury to Plaintiff, as evidenced in the Minutes of the Police Jury's meeting held on June 19, 1903.[4] The Court found Plaintiff had failed to show a substantial likelihood of prevailing on the merits with regard to this assertion, because (1) the referenced Minutes do not show any intent by Defendant to transfer ownership of the land to Plaintiff by donation, and (2) there is no authentic act accomplishing any alleged donation as required by Louisiana law. [Doc. No. 38 at 8-10]. In accordance with the law in effect in 1903, a valid gratuitous donation required an authentic act. [Doc. No. 38 at 7-8] An onerous donation did not require an authentic act, "except when the value of the object given exceeds by one-half that of the charges or of the service to be performed." *Id.* at 8; *see also* La. Civ. Code art. 1526 (1870). Assuming arguendo Defendant intended to donate the plot of land to Plaintiff, the Court found that without an authentic act, Plaintiff could not show a valid

---

[4] The Caddo Parish Police Jury was Defendant's predecessor in interest.

onerous donation because it showed neither the value of the object given, nor the value of the service performed. [Doc. No. 38 at 8-12].

By the pending motion, Plaintiff argues reconsideration is warranted because the "Court's *Ruling* implies that for purposes [sic] LA CIV. CODE ART. 1536 (1870) that the defendant is a 'person.'" [Doc. No. 44 at 7 (emphasis in original)]. According to Plaintiff, "[t]his conclusion is clearly erroneous for the defendant is a sub-political entity; but not a 'person' under this said ART. 1536 (1870)." *Id.* Plaintiff additionally argues reconsideration is appropriate, because "defendant produced no evidence that a COMPLETE conveyance record exists in Caddo Parish, thus there is no absolute certainty that the parties failed to execute a written legal instrument conveying ownership to the plaintiff." *Id.* at 7 (emphasis in original). Plaintiff further contends the Court erred in finding Plaintiff had failed to show the value of the services it provided in purchasing and installing the monument. [Doc. 44 at 9].

The Court finds these arguments are without merit. First, Plaintiff cites no authority for its position that Defendant is not a "person." In accordance with the Louisiana Civil Code, Defendant *is* a person - a "juridical person." *See* La. Civ. Code art. 24 (2018); *id.* at comments (a), (c); *see also Stonecipher v. Caddo Parish*, 219 So.3d 1187, 1192-94 (La.App. 2 Cir. 2017). As to Plaintiff's second argument – *i.e.*, Defendant did not show a complete conveyance record exists – the Court would again note it is Plaintiff, and not Defendant, who bore the burden of showing a substantial likelihood of success on the merits. Finally, the Court finds Plaintiff's argument regarding the value of the services provided does not warrant an amendment of the Court's findings. As discussed in the Court's original Ruling, even if the Court were to accept Plaintiff's contention that the value of the services performed at the time of the purported donation was $10,000.00, Plaintiff still has not

provided any evidence as to the value of the plot of land. As such, Plaintiff failed to show the value of the object given did not exceed by one-half the value of the services performed, and therefore any alleged onerous donation was null for defect of form. *See e.g. Potts v. Potts*, 77 So. 786, 788 (La. 1918).

In its original Ruling, the Court *sua sponte* considered whether Plaintiff obtained title to the plot of land by acquisitive prescription. Ultimately the Court concluded this legal theory fails because "[p]rivate citizens cannot acquire title to property from the government by acquisitive prescription." [Doc. No. 44 at 12]. In its Motion for Reconsideration, Plaintiff argues it "acquired ownership of the said front plat thru [sic] acquisitive prescription because Block 23 was not public property prior to 1907 or later." [Doc. No. 44 at 8]. According to this argument, following the June 18, 1903 meeting of the Caddo Parish Police Jury, "plaintiff gained adverse possession of its 'front plat or portion of court house square' of land underneath the Caddo Parish monument. . . ."[5] [Doc. No. 44 at 5]. Appearing to recognize that "public things" are not subject to private ownership and therefore cannot be acquired by prescription[6], Plaintiff attempts to overcome this obstacle by arguing at the time Plaintiff took possession of the plot, it belonged to someone other than the Parish and/or the public. While a bit difficult to follow, Plaintiff makes the following arguments in its effort to

---

[5]The Court notes the 1903 Minutes of the Caddo Parish Police Jury would appear to indicate Plaintiff is likely a precarious possessor of the plot of land upon which the monument sits, rather than an adverse possessor. The exercise of possession over a thing with the permission of the owner constitutes "precarious possession." *See* La. Civ. Code art. 3437 (2018); *Id.* at comment (a). Precarious possessors cannot acquire property by acquisitive prescription. La. Civ. Code art. 3510 (1870).

[6]*See* La. Civ. Code art. 450, 452 (2018); La. Civ. Code arts. 453, 454 (1870); *Akin v. Caddo Parish Police Jury*, 234 So.2d 203, 208 ("The [Caddo Parish] courthouse square, known as Block 23, constitutes public property"; "The title of the property having been dedicated to the public . . . continues in the public . . ."); *City of New Orleans v. Carrollton Land Co.*, 60 So. 695, 696 (1913); *City of Shreveport v. Walpole*, 22 La.Ann. 526, 529 (1870).

show title to the plot of land was capable of prescribing to Plaintiff: "[D]efendant presented no admissible evidence that Caddo Parish had used Block 23 . . . for public purposes thru [sic] adverse possession since the 1840s" [Doc. No. 44 at 2]; Defendant provided no evidence that it had ownership of Block 23 from 1903 - 1906, *Id.*; no written conveyance exists to prove that Caddo Parish had ownership of Block 23, *Id.*; "defendant presented no historical evidence that the Caddo Parish Police Jury (post-Civil War) had adverse possession of Block 23 until after 1877." *Id.*

The Court finds these arguments to be without merit. First, Defendant did present evidence that it has used Block 23 for public purposes since at least the 1850s.[7] [*See* Doc. No. 51 at 56, 58-59] Second, regarding the lack of a "written conveyance," the Court would again note Plaintiff, and not Defendant, bore the burden of showing it owns the land at issue. Further, title to property constituting a public thing "may be shown by any species of legitimate evidence," and is "not required to be proved by deed." *City of Shreveport v. Walpole*, 22 La.Ann. 526, 527 (1870). Plaintiff's contention that the Parish "had no adverse possession of Block 23 until after 1877" is a bit more difficult to decipher. This argument appears to be based on Plaintiff's contention that the Parish's possession of the *locus in quo* was interrupted during the period of time that Louisiana left the Union. Louisiana seceded from the Union in 1861, rejoined in 1870, and local rule was not re-established until 1877. According to Plaintiff, prescription was interrupted when Louisiana left the Union, and did not begin to run anew until 1877. Therefore, according to Plaintiff, the Parish could not acquire the property by acquisitive prescription of thirty years until 1907, *i.e.*, four years after the purported donation of the plot to Plaintiff.

---

[7]Other courts have found Block 23 has been used for public purposes since at least 1846, when a jail was erected at that location. *See also Akin*, 234 So.2d at 205.

The Court must begin by stating the obvious. If the Parish did not own the plot of land on June 18, 1903, then any attempted donation to Plaintiff would be null, as one cannot donate property one does not own. Regardless, the Court finds Plaintiff's contention that the Parish's possession was interrupted during secession is incorrect. Once acquired, possession is retained by the intent to possess as owner, even if the possessor ceases to possess corporeally. *See* La. Civ. Code arts. 3429 and 3442 (1870). Further, no evidence has been presented to the Court that possession was lost during secession. *See* La. Civ. Code arts. 3448, 3449 (1870). Indeed, Plaintiff's expert, Dr. Joiner, testified the Parish continued to maintain the property during secession, which further supports a finding that the Parish continued to possess the property during that period of time. [Doc. No. 51 at 59]. Moreover, possession for acquisitive prescription purposes does not have to by the same person (natural or juridical). As long as possession continues uninterrupted, "[t]he possessor is allowed to make the sum of possession necessary to prescribe, by adding to his own possession that of his author. . . ." La. Civ. Code art. 3493 (1870); *see also* La. Civ. Code art. 3433 (1870) ("[O]ne may possess a thing not only by one's self, but also by other persons."); La. Civ. Code art. 3492 (1870) ("The actual possessor, when he proves that he has formerly been in possession, shall be presumed also to have been in possession in the intermediate time.")

Finally, the Court notes Plaintiff takes issue with various evidence it argues was either erroneously admitted or excluded under the Rules of Evidence governing hearsay. [Doc. 44 at 2, 3, 4, 5, 9, 12-13] The ordinary rules of admissibility are relaxed in a preliminary injunction hearing, and hearsay may be admitted in such proceedings. *See e.g. Fed. Savings & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. (1987); *Sierra Club, Lone Star Chapter v. F.D.I.C.*, 992 F.2d 545, 551 (5th Cir. 1993); Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE §

2949 (3d 2015).[8]

For the reasons set forth above, the Court finds Plaintiff has failed to show an amendment of the Court's original findings is warranted under Rule 52(b). Accordingly, Plaintiff's Motion for Reconsideration is DENIED.

Signed at Monroe, Louisiana, this 14th day of May, 2018.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[8]The remainder of Plaintiff's objections set forth in its motion have previously been addressed, either in the Court's original Ruling or herein. Accordingly, the Court declines to address those matters again, and disposes of them by footnote.