UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**SHREVEPORT CHAPTER #237**               **CASE NO. 5:17-CV-01346**
**OF UNITED DAUGHTERS OF THE**
**CONFEDERACY**

**VERSUS**                                            **JUDGE ROBERT G. JAMES**

**CADDO PARISH COMMISSION**              **MAG. JUDGE MARK L. HORNSBY**

## RULING

Pending before the Court is a Motion for Reconsideration [Doc. No. 110] filed by Plaintiff, the Shreveport Chapter #237 of the United Daughters of the Confederacy. Pursuant to its motion, Plaintiff moves the Court to reconsider its prior Memorandum Ruling and Judgment [Doc. Nos. 108, 109], whereby the Court granted the Motion for Summary Judgment filed by Defendant, the Caddo Parish Commission, and dismissed Plaintiff's claims with prejudice.

"A rule 59(e) motion 'calls into question the correctness of a judgment.'"[1] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479. Rather, amending a judgment is appropriate under Rule 59(e): "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered

---

[1] While the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, such motions are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e), or a motion for relief from a judgment or order under Rule 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). In this matter, because the Motion for Reconsideration was filed within twenty-eight days after entry of Judgment, the Court construes the motion under Rule 59(e). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (Rule 59(e) governs when a motion for reconsideration is filed with twenty-eight days after entry of judgment; otherwise, the motion is governed by Rule 60(b)).

evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet* at 479. While a district court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration arising under Rule 59(e), such discretion is not limitless. *Id.* at 479 (citing *Lavespere v. Niagra Mach. & Tool Woks, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990)). The Fifth Circuit has identified two judicial imperatives relating to such a motion: "1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts." *Id.* (citing *Lavespere* at 174).

Having considered Plaintiff's arguments, the Court finds no basis to alter, amend or rescind its previous Memorandum Ruling and Judgment. Accordingly, Plaintiff's Motion for Reconsideration [Doc. No. 110] is **DENIED**.

MONROE, LOUISIANA, this 27th day of August, 2018.

**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**